UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

          Interpleader Plaintiff,

    v.                                               Case No. 09-CV-45

GARY J. SABOL, TIM REIDENBACH,
and REVOCABLE JOANN K. REIDENBACH
FAMILY TRUST,

          Interpleader Defendants.
_____

## ORDER

Interpleader plaintiff Hartford Life and Accident Insurance Company ("Hartford") filed this action seeking to determine the appropriate recipient of the proceeds of a life and accidental death insurance policy for Joann Reidenbach because the named beneficiary has been charged with her murder. The insurance policy requires Hartford to pay benefits in accordance with the beneficiary designation, but a Wisconsin "slayer statute" prohibits a person who intentionally murders another from profiting from that death. For this reason, Hartford filed the instant interpleader suit naming as interpleader defendants all possible claimants to the insurance benefits. Hartford concedes liability for the insurance proceeds and merely seeks to avoid liability for paying the proceeds to the wrong party. Hartford now requests permission to deposit the insurance funds with the court and asks the court to dismiss it from the action. The court will grant these requests.

## BACKGROUND

Hartford issued a group life and accidental death and dismemberment insurance policy to fund an employee welfare benefit plan sponsored by WMS Gaming, effective January 1, 2004. Joann Reidenbach was an employee of WMS Gaming and was insured under the policy for a total of $40,000. She executed a beneficiary designation form on August 8, 2006, naming her husband, Gary Sabol ("Sabol"), as the primary beneficiary under the policy. Ten days later, Joann Reidenbach executed a last will and testament and bequeathed all property, retirement funds, benefits and proceeds to the Revocable Joann K. Reidenbach Family Trust ("the Trust"). The will specifically excluded Sabol from receiving any Trust assets. Joann Reidenbach also executed an instrument creating the trust and naming her nephew, Timothy Reidenbach ("Reidenbach"), as the Trust beneficiary. Joann Reidenbach died two years later, on May 15, 2008, from gunshot and stab wounds to the chest. Sabol was arrested and charged with her murder. The circumstances of Joann Reidenbach's death made the proper recipient of her life insurance benefits unclear and motivated Hartford to file this action on January 9, 2009.

## ANALYSIS

Hartford commenced this interpleader action to avoid potential multiple liability regarding the payment of Joann Reidenbach's life insurance benefits. Federal Rule of Civil Procedure 22 permits interpleader, and states: "Persons with claims that may

expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1).[1] Interpleader is meant to allow "a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party. This is done by forcing all the claimants to litigate their claims in a single action brought by the stakeholder." *Lutheran Brotherhood v. Comyne*, 216 F. Supp. 2d 859, 869 (E.D. Wis. 2002) (quoting *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984)).

The court finds that Hartford properly brought this interpleader action because it is a neutral stakeholder and may be subject to liability if it pays the life insurance proceeds to either Sabol, Reidenbach, or the Trust. The beneficiary designation form governing Joann Reidenbach's insurance policy names Sabol as the recipient of the benefits. This policy also states that the benefits "will be paid in accordance with the life insurance Beneficiary Designation." (*See* Dk #30, Ex. A, at 45). The Employment Retirement Income Security Act (ERISA) requires plan administrators to "act in accordance with the documents and instruments governing the plan." *Kennedy v. Plan Administrator for DuPont Savings & Investment Plan*, 129 S. Ct.

---

[1] The court notes that it has subject matter jurisdiction over this action because the insurance policy at issue is governed by ERISA. *See Aetna Life Ins. Co. v. Hager*, 930 F. Supp. 343 (E.D. Wis. 1996) (finding that the court had subject matter jurisdiction over an interpleader action to determine conflicting claims to life insurance policy proceeds). The interpleader statute, 28 U.S.C. § 1335, also provides jurisdiction over interpleader actions to district courts, but does not apply in the instant case. The statute requires two or more adverse claimants of diverse citizenship as a prerequisite for jurisdiction. 28 U.S.C. § 1335(a)(1). The claimants here are not diverse because Sabol, Reidenbach, and the Trust are all citizens of Wisconsin.

-3-

865, 875 (2009) (quoting 29 U.S.C. § 1104(1)(1)(D)).  Therefore, ERISA appears to require that Hartford pay the insurance benefits to Sabol, the named beneficiary.

However, Wisconsin Statute § 854.14 explicitly prohibits Sabol from financially benefitting from his wife's death if he intentionally killed her.  The statute states that a beneficiary's "unlawful and intentional killing of the decedent...revokes a provision in a governing instrument that, by reason of the decedent's death...transfers or appoints property to the killer." Wis. Stat. § 854.14(2).  The beneficiary designation form is a provision in a governing instrument that appoints property to Sabol, the accused killer.  Thus, the statute prohibits Hartford from paying the insurance benefits to Sabol after a determination is made that he unlawfully and intentionally killed Joann Reidenbach. Wis. Stat. 854.14(5).

As a result, resolving the question of who may receive the insurance benefits involves a determination of whether ERISA preempts the Wisconsin "slayer statute." *See Atwater v. Nortel Networks, Inc.*, 388 F. Supp. 2d 610, 614 (M.D.N.C. 2005) (addressing the question of whether federal common law under ERISA preempts the North Carolina slayer statute); *Connecticut General Life Insurance Company v. Riner*, 351 F. Supp. 2d 492, 497 (W.D. Va. 2005) (raising the question of whether ERISA preempts the Virginia slayer statute); *Administrative Committee for the H.E.B. Investment and Retirement Plan v. Harris*, 217 F. Supp. 2d 759, 761 (E.D. Tex. 2002) (raising the question of ERISA's preemption of Texas's slayer statute).  No court has addressed preemption of the Wisconsin statute and the question of

-4-

whether ERISA preempts all state slayer statutes has not been definitively answered. *See Egelhoff v. Egelhoff*, 532 U.S. 141, 152 (2001) (Supreme Court noted in dicta that slayer statutes are "well established in the law and [have] a long historical pedigree predating ERISA" so their possible "interference with the aims of ERISA is at least debatable").

As a disinterested stakeholder, Hartford takes no position on the issue and seeks only to wash its hands of the entire affair. Hartford asks for permission to deposit the disputed life insurance benefits with the court prior to exiting the case. In interpleader actions, parties may deposit funds with the court pursuant to Federal Rule of Civil Procedure 67. *See Southtrust Bank of Florida, N.A. v. Wilson*, 971 F. Supp. 539, 542 (M.D. Fla. 1997) (ordering the interpleader plaintiff to deposit contested funds into the court's registry pursuant to Rule 67). Rule 67 allows a party to deposit money whose disposition is sought by the action if the moving party provides notice to every other party and obtains leave of the court. Fed. R. Civ. P. 67(a). Hartford has provided notice to the interpleader defendants by serving them with this motion to deposit funds and the defendants have not indicated any opposition. (*See* Dk #27). Thus, the court will grant Hartford's request to deposit the contested insurance proceeds until final disposition of the case.

Hartford also asks that the court dismiss it from the action with prejudice. The court finds that dismissal is appropriate. Hartford properly brought an interpleader action to determine the recipient of the life insurance proceeds. Resolution of the

-5-

issue is not dependent upon Hartford's continued presence.  By depositing the funds, Hartford has satisfied its obligations under the interpleader statute and may be dismissed from the action. *See Lutheran Brotherhood*, 216 F. Supp. 2d 859, 862-63.  Further, the interpleader defendants do not object.

As a final matter, Hartford seeks to deduct its attorneys' fees and costs from the amount deposited with the court.  The determination of whether to allow the deduction of attorneys' fees and in what amount falls within the court's broad discretion. *Lutheran Brotherhood*, 216 F. Supp. 2d at 864 (citing *Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000)).  Generally, courts award fees from deposited funds when:  1) the party seeking fees is a disinterested stakeholder; 2) the party conceded liability for the funds; 3) the party deposited the funds into court; and 4) the party sought discharge from liability. *Id.* at 863 (quoting *Septembertide Publ'g v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989)).  The court concludes that awarding fees and costs to Hartford is appropriate in light of these factors.  Hartford is a disinterested stakeholder, it has conceded liability for the life insurance benefits, and it seeks to deposit the contested funds and then be dismissed from the interpleader suit it initiated.  Additionally, the interpleader defendants do not oppose the request for attorneys' fees.

The court will award attorneys' fees in this action, but not at the amount requested by Hartford.  Hartford seeks $7,362.77 in fees and costs out of the

$40,000 in insurance proceeds that are at issue. The court finds that awarding costs and fees related to researching and filing the interpleader action and interacting with the interpleader defendants is appropriate because these activities directly contributed to an ultimate resolution of the underlying question regarding the proper recipient of the benefits under the law. However, time spent preparing and reviewing Hartford's motion for dismissal and for permission to deposit funds did not. Instead, deposit of the funds and dismissal from the case are matters of convenience for Hartford. Therefore, the court will deduct the time attributed strictly to drafting and revising the motion to deposit and supporting brief from its award. A review of the attorneys' billing records submitted with the motion reveal a total of 13.3 hours billed at $150.00 per hour and 2.6 hours billed at $230.00 per hour that do not list any activity other than research and revision of the brief and motion for dismissal and the deposit of funds. (*See* Tostrud Aff., Ex. 8). The court will not include these amounts in its award, but will allow Hartford to recover its $465.77 in costs and the remaining $4,304.00 in attorneys' fees.

Accordingly,

**IT IS ORDERED** that the interpleader plaintiff's motion to deposit funds and to dismiss interpleader plaintiff (Docket #29) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the interpleader plaintiff shall deposit the amount of the insurance benefits for the life and accidental death policy for Joann Reidenbach plus interest with the court;

-7-

Case 2:09-cv-00045-JPS   Filed 02/09/10   Page 7 of 8   Document 32

**IT IS FURTHER ORDERED** that the interpleader plaintiff shall be permitted to subtract attorneys' fees in the amount of $4,304.00 and costs in the amount of $465.77 from the insurance benefits prior to their deposit with the court;

**IT IS FURTHER ORDERED** that the clerk of court shall deposit the insurance benefits plus interest received from plaintiff Hartford Life and Accident Insurance Company in an interest-bearing account;

**IT IS FURTHER ORDERED** that the interpleader plaintiff shall be dismissed from this action with prejudice and without further costs or liability to any party upon depositing the insurance benefits plus interest with the court.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge